UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Amborui Electronic Tech. Co., Ltd., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:25-cv-1466 |
| | ) | |
| | ) | |
| CityWaler, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Amborui Electronic Tech. Co., Ltd. ("Plaintiff"), by and through its undersigned attorney, hereby brings this design patent infringement action against defendant CityWaler and the parties identified in Schedule A attached hereto (collectively, "Defendants") and alleges as follows:

## INTRODUCTION

1.      Plaintiff is the owner and inventor of a United States Design Patent entitled an Artificial Plant (the "Asserted Patent"). The Asserted Patent was duly and legally issued by the United States Patent Office in November 2024 and is valid, subsisting, and in full force and effect. A copy of the Asserted Patent is attached to this Complaint as **Exhibit 1**.

2.      Plaintiff sources and distributes its own artificial plant embodying and featuring the Asserted Patent ("Plaintiff's Products"), as such Plaintiff's Products have been marked with at least the Asserted Patent number pursuant to 35 U.S.C. § 287(a).

3.      Plaintiff files this action to combat Defendants' acts of infringement of the Asserted Patent by making, using, offering for sale, selling, and importing unlicensed products, namely artificial plants that are the same or substantially similar to Plaintiff's Products (the "Infringing Products").

4.     The Defendants operate several e-commerce storefronts on Amazon under seller aliases intended to appear to be selling genuine products, while actually selling Accused Products to unbeknownst consumers. Defendants' e-commerce storefronts share unique identifiers, such as similar product images and specifications, advertising, design elements, and similarities of the Accused Products themselves, establishing a logical relationship between them and suggesting that Defendants' operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Furthermore, the Accused Products all share identical infringing components, which further establishes a logical relationship between the Defendants

5.     Plaintiff has lost the control over the Asserted Patent and the right to exclude others from making, using, offering for sale, selling, or importing into the U.S. the Asserted Patent as a result of Defendants' infringement. Plaintiff is the sole rightful owner of the Asserted Patent and sells Plaintiff's Products on online marketplace platforms. However, due to unfair competition and price erosion caused by Defendants' infringement, Plaintiff has incurred great loss in terms of sales. Plaintiff has been and continues to be irreparably damaged by the infringement and seeks injunctive and monetary relief. In support of its claims, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over the claims in this action pursuant to 35 U.S.C. § 1, et seq., 28 U.S.C §§ 1331 and 1338.

7.     Defendants are subject to personal jurisdiction in this district, because they direct business activities toward and conduct business with consumers throughout the United States, including this district through, at least, the Internet based e-commerce stores and fully interactive Internet websites accessible in this district and operating under their Seller Aliases. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to this state, accept payment in U.S. dollars and, on information and belief, has sold Infringing Products

to the residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in Illinois. Alternatively, Defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2), because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

8.      Venue is proper in this Court pursuant to 28 U.S.C § 1391 since Defendants are, upon information and belief, aliens who are engaged in infringing activities and causing harm within this district by making, using, offering for sale, selling, or importing Infringing Products into the U.S.

## THE PARTIES

### Plaintiff

9.      Plaintiff is the inventor and sole lawful owner of all right, title, and interest in and to the Asserted Patent.

10.      Plaintiff sources and distributes Plaintiff's Products on e-commerce storefronts. Plaintiff's Products embody and practice the Asserted Patent. Plaintiff's Products are well established and enjoy quality customer reviews and high ratings.

11.      Plaintiff has not granted license to any Defendant or permitted any Defendant to use the Asserted Patent.

### Defendants

12.      On information and belief, Defendants are individuals and business entities who own and operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to Plaintiff.

13.      On information and belief, Defendants reside and/or operate in foreign jurisdictions with lax intellectual property enforcement systems or redistribute products from the same or similar

sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b)(1).

14.     On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto. Tactics are used by Defendants to conceal their identities and the full scope of their operation to make it virtually impossible for Plaintiff to learn Defendants' true identities and their exact interworking of their network. If Defendants provide additional credible information regarding their identities, Plaintiff will take the appropriate steps to amend the Complaint.

15.     Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing the e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be Plaintiff's affiliates. E-commerce stores operating under the Seller Aliases accept payment in U.S. dollars via credit cards, Amazon Pay, and/or PayPal and others.

16.     On information and belief, Defendants have engaged in fraudulent conduct when registering the Seller Aliases by providing false, misleading and/or incomplete information to Internet-based e-commerce platforms. On information and belief, certain Defendants have anonymously registered and maintained Seller Aliases to prevent discovery of their true identities and the scope of their e-commerce operation.

17.     On information and belief, Defendants regularly register or acquire new seller aliases to sell Infringing Products. Such seller alias registration patterns are one of many common tactics used by Defendants to conceal their identities and interworking of their operation, and to avoid being shut down.

18.     Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique identifiers, such as templates with

common design elements that intentionally omit any contact information or other information for identifying Defendants or other seller aliases they operate or use.

19.     On information and belief, Defendants are in constant communication with each other and regularly participate in WeChat and through websites such as sellerdefense.cn, Daseon Legal Service, and Maijiazhichi regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

20.     Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation despite Plaintiff's enforcement efforts. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Plaintiff.

21.     On information and belief, Defendants are an interrelated group of e-commerce sellers misappropriating Plaintiff's valuable intellectual property and working in active concert to offer for sale and sell Infringing Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly, and willfully infringed the Asserted Patent.

22.     Defendants' infringing activities have caused Plaintiff irreparable harms including but not limited to loss of business opportunities, loss of future sales, loss of the right to exclude others from benefiting from the Asserted Patent, and the financial hardship in bringing this action.

**COUNT I**
**Design Patent Infringement**
**(35 U.S.C. § 271)**

23.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

24.     Plaintiff is the inventor and sole lawful owner of the Asserted Patent.

25. Defendants offer for sale, sell and/or import into the United States for subsequent resale the Infringing Products that infringe the Asserted Patent.

26. Defendants have infringed the Asserted Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' infringing conduct has caused Plaintiff irreparable harm resulting from the loss of its patent rights to exclude others from making, using, selling, offering for sale, and importing the products using the Asserted Patent.

27. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. §283.

28. Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting in active concert therewith from infringing the Asserted Patent, Plaintiff will continue to be irreparably harmed.

29. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including defendants' profits pursuant to 35 U.S.C. §289. Plaintiff is entitled to recover any other compensatory damages as appropriate pursuant to 35 U.S.C. §284.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

A. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. offering for sale, selling and importing into United States any products not authorized by Plaintiff that embody and practice the Asserted Patent;

b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Asserted Patent; and

c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or other avoiding the prohibitions set forth

in Subparagraphs (a) and (b).

B.     Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon (collectively, the "Third Party Providers") shall (i) disable and cease providing service being used by Defendants to engage in the sale of goods that infringe the Asserted Patent; and (ii) disable and cease displaying any advertisements used by Defendants in connection with the sale of infringing products using the Asserted Patent.

C.     That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for Defendants' infringement of the Asserted Patent, but in no event less than a reasonable royalty, together with interest and costs, pursuant to 35 U.S.C. § 284;

D.     That the amount of damages awarded to Plaintiff to compensate Plaintiff for infringement of the Asserted Patent be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

E.     Alternatively, that Plaintiff be awarded all profits realized by Defendants from Defendants' infringement of the Asserted Patent, pursuant to 35 U.S.C. § 289;

F.     Plaintiff is further entitled to recover its attorneys' fees and full costs for bringing this action; and

G.     Award any and all other relief that this Court deems just and proper.

Dated: February 11, 2025                    Respectfully submitted,


                                           *Faye Yifei Deng*
                                           Faye Yifei Deng
                                           YK Law LLP
                                           445 S Figueroa St, Suite 2280
                                           Los Angeles, California 90071
                                           fdeng@yklaw.us
                                           Tel: 213-401-0970

                                           *Counsel for Plaintiff Amborui Electronic
                                           Tech. Co., Ltd.*